17-372-cv
*Hutter v. Countrywide Bank, N.A.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of January, two thousand eighteen.

PRESENT:     PIERRE N. LEVAL,
             JOSÉ A. CABRANES,
                     *Circuit Judges.*[*]

---

NANCE M. HUTTER,

                *Plaintiff-Appellant,*                  17-372-cv

STEPHEN A. KATZ,
                *Appellant,*

                v.

COUNTRYWIDE BANK, N.A., a subsidiary of
Countrywide Financial Corporation,

                *Defendant-Appellee.*[†]

---

[*] Judge Guido Calabresi, originally assigned to the panel, recused himself from consideration of this matter. The two remaining members of the panel, who are in agreement, have decided this case in accordance with Second Circuit Internal Operating Procedure E(b). *See* 28 U.S.C. § 46(d); *cf. United States v. Desimone*, 140 F.3d 457, 458 (2d Cir. 1998).

[†] The Clerk of Court is directed to amend the caption as shown above.

**FOR PLAINTIFF-APPELLANT:**          Stephen Bergstein, Bergstein & Ullrich, LLP, New Paltz, NY.

**FOR APPELLANT:**          Stephen A. Katz, *pro se*, New York, NY.

**FOR DEFENDANT-APPELLEE:**          Kenneth C. Rudd, Zeichner, Ellman & Krause LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Nelson S. Román, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the June 12, 2017 judgment[1] of the District Court be and hereby is **AFFIRMED IN PART AND VACATED AND REMANDED IN PART**.

Plaintiff-appellant Nance M. Hutter ("Plaintiff" or "Hutter") and appellant Stephen A. Katz ("Katz"), an attorney proceeding *pro se*, appeal from the June 12, 2017 judgment of the District Court. As relevant here, the District Court granted summary judgment in favor of defendant-appellee Countrywide Bank, N.A., a subsidiary of Countrywide Financial Corporation ("Countywide"), and imposed a $100 sanction on Hutter under Fed. R. Civ. P. 11. The District Court also imposed a $25,000 Rule 11 sanction on Katz, Hutter's former counsel, for bringing frivolous claims and failing to conduct a reasonable inquiry into pleaded facts. On appeal, Hutter challenges the District Court's grant of summary judgment in favor of Countrywide, and Hutter and Katz both challenge the order imposing Rule 11 sanctions.

Upon review, we conclude that Hutter's arguments are without merit. We further conclude that the District Court did not abuse its discretion in sanctioning Katz, except to the extent it sanctioned Katz for pleading that Countrywide violated N.Y. Banking Law Section 598. Accordingly, we vacate that portion of the sanction order against Katz and remand the cause to the District Court to recalculate the amount of the sanctions against Katz, eliminating Countrywide's costs for opposing the N.Y. Banking Law Section 598 claim. We otherwise affirm the judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1] The District Court entered what it evidently intended to be a final order on January 13, 2017. No separate document setting out judgment was issued. Accordingly, pursuant to Fed. R. Civ. P. 58(c)(2)(B), judgment is deemed entered 150 days from entry of the January 13, 2017 order, which is June 12, 2017. Despite the lack of a formal entry of judgment, this Court has jurisdiction to hear the appeal noticed on February 7, 2017, as the January 13, 2017 order constituted a "final decision" within the meaning of 28 U.S.C. § 1291. *See, e.g.*, *Leftridge v. Conn. State Trooper Officer No. 1283*, 640 F.3d 62, 66–67 (2d Cir. 2011).

\*    \*    \*

In December 2006, Plaintiff Hutter refinanced her home in Bedford, New York, with a $1.785 million "pay option adjustable-rate mortgage loan" from Countrywide. In October 2009, Hutter brought this action against Countrywide, two mortgage brokers, and several individuals. She alleged claims under, *inter alia*, the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, the Real Estate Settlement Procedure Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, and New York's Deceptive Practices Act, N.Y. Gen. Bus. L. ("GBL") § 349 *et seq.*, and sought, *inter alia*, rescission of the loan and damages. Over the course of almost five years, Hutter amended her complaint three times. After the close of discovery, she moved for leave to file a fourth amended complaint that, *inter alia*, changed core factual allegations and added a new claim under N.Y. Banking Law Section 598.

The District Court (1) denied leave, (2) sanctioned Hutter under Rule 11(b)(3) for willfully making allegations without evidentiary support, and (3) sanctioned Katz under Rule 11(b)(2)–(3) for bringing a frivolous claim under Section 598, proposing a frivolous amendment to the Deceptive Practices Act claim, and failing to conduct a reasonable inquiry into various facts alleged. The District Court ordered Hutter to pay $100 and Katz to pay Countrywide's costs of opposing the motion for leave to amend, which was $25,000. The District Court subsequently granted summary judgment in favor of Countrywide on all Hutter's claims against it. This appeal followed.

\*    \*    \*

We review *de novo* the award of summary judgment, "constru[ing] the evidence in the light most favorable to the [non-moving party]" and "drawing all reasonable inferences and resolving all ambiguities in [its] favor." *Darnell v. Pineiro*, 849 F.3d 17, 22 (2d Cir. 2017) (internal quotation marks omitted). "To defeat a summary judgment motion, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010) (internal quotation marks and citation omitted). We review a District Court's decision to impose sanctions under Rule 11 for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009). "A district court 'abuses' or 'exceeds' the discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001).

We can quickly dispose of Hutter's claims against Countrywide. Hutter identifies nothing in the record—other than her conclusory and often-shifting testimony and that of her husband—that supports her TILA and GBL claims. This is insufficient to defeat Countrywide's motion for summary judgment, which was supported by substantial evidence. *See, e.g.*, App'x at 1110–11, 1122, *see also Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999) (stating that testimony that is

3

"devoid of any specifics, but replete with conclusions, [is] insufficient to defeat a properly supported motion for summary judgment"). Hutter's challenge to the grant of summary judgment on her RESPA claim likewise fails because the RESPA anti-kickback provision does not apply where payments are made for "services actually performed," 12 U.S.C. § 2607(b), and Hutter admitted that the broker performed services for Countrywide, App'x at 1439. Accordingly, we affirm the District Court's grant of summary judgment in favor of Countrywide for substantially the reasons stated by the District Court in its September 14, 2015 opinion and order. *See* Special App'x at 51–73.

The Rule 11 sanctions are more complicated. Upon review, we conclude as follows:

*Rule 11(b)(3) Sanctions Against Hutter and Katz.* We conclude that the District Court did not abuse its discretion when it imposed the Rule 11(b)(3) sanctions, for substantially the reasons stated by the District Court in its August 22, 2014 memorandum opinion and order. Special App'x at 34–38, 42–45. It is remarkable, to say the least, that almost five years into the litigation Hutter and Katz still had not settled on basic facts that were easily accessible to Hutter—such as whether she was encouraged to obtain a fixed- or variable-rate interest loan.

*Rule 11(b)(2) Sanction Against Katz for Seeking to Extend N.Y. Banking Law Section 598.* We conclude that the District Court erred when it sanctioned Katz under Rule 11(b)(2) for seeking to extend N.Y. Banking Law Section 598. While the District Court correctly found that the statute contains no implied private right of action for conducting business with an unlicensed broker, *see* N.Y. Banking Law § 598(3), (5) (granting limited private cause of action only in circumstances not applicable here); Special App'x at 21–22, Katz's position to the contrary was "not so untenable as a matter of law as to necessitate sanction." *Salovaara v. Eckert*, 222 F.3d 19, 34 (2d Cir. 2000) (internal quotation marks omitted). The award of fees here would risk deterring others from advancing novel theories "in good faith for fear that they would be saddled with their adversary's fees in addition to their own in the event that they failed to prevail." *Id.* at 31. We therefore vacate the District Court's Rule 11(b)(2) sanction against Katz for bringing the claim under Section 598 of New York Banking Law.

*Other Rule 11(b)(2) Sanction Against Katz.* We affirm the remaining Rule 11(b)(2) sanction against Katz for substantially the reasons stated by the District Court in its August 22, 2014 memorandum opinion and order. *See* Special App'x at 40–41.

In sum, we affirm the District Court's August 22, 2014 order imposing Rule 11 sanctions against Hutter and Katz, except we vacate that portion of the order, *see* Special App'x at 38–39, imposing sanctions against Katz for arguing that there is an implied private right of action under N.Y. Banking Law Section 598 beyond those expressly granted in the statute. We remand the cause to the District Court with instructions to recalculate the amount of the sanctions against Katz, eliminating only the costs Countrywide incurred in opposing the N.Y. Banking Law Section 598 claim.

## CONCLUSION

We have reviewed all of the arguments raised by Hutter and Katz on appeal. We find all of Hutter's arguments to be without merit. We also find all of Katz's arguments to be without merit, except his argument that the District Court erred or "abused its discretion" in sanctioning him under Rule 11(b)(2) for seeking to extend N.Y. Banking Law Section 598.

For the foregoing reasons, we **AFFIRM** the June 12, 2017 judgment of the District Court, except to the extent that we **VACATE** the imposition of Rule 11(b)(2) sanctions against Katz for seeking to extend N.Y. Banking Law Section 598, and **REMAND** the cause to the District Court with instructions to recalculate the amount of the sanctions against Katz, eliminating only the costs Countrywide incurred in opposing the N.Y. Banking Law Section 598 claim.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk